JIN LIN, Petitioner,

v.

BOARD OF IMMIGRATION APPEALS, Respondent.

No. 05–1549–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2007.

Chun W. Wong, New York, NY, for Petitioner.

Terrance P. Flynn, United States Attorney, Western District of New York; Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Petitioner Jin Lin, a native and citizen of the People's Republic of China, seeks review of a March 9, 2005 order of the BIA affirming the February 18, 2004 decision of Immigration Judge ("IJ") Sarah M. Burr denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Lin,* No. A 95 471 623 (B.I.A. Mar. 9, 2005), *aff'g* No. A 95 471 623 (Immig. Ct. N.Y. City, Feb. 18, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As a preliminary matter, that portion of Lin's CAT claim premised upon his status as a Falun Gong practitioner is exhausted because Lin raised it before the BIA and the BIA addressed it in its brief opinion. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 122 (2d Cir.2007). By contrast, Lin failed to argue in his brief to the BIA that portion of his CAT claim based on his illegal departure from China. Since the government objects to Lin's failure to exhaust that portion of his CAT claim, we decline to review it. *See id.* at 121–22, 124.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled on other grounds, Lin v. U.S. Dep't of Justice,* Docket No. 02–4611–ag, 494 F.3d 296, 2007 WL 2032066 (2nd Cir. Jul 16, 2007). However, we will vacate and remand for new findings if the agency's reasoning or its factfinding process was suffi-

ciently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the agency's adverse credibility finding in this case. The IJ accurately observed that although Lin indicated in his written application that he began to practice Falun Gong to treat his insomnia, he testified that he began to practice it due to a spinal cord injury. In addition, the IJ accurately noted that, in his written application Lin indicated that after being dismissed from his job due to his practice of Falun Gong, he continued to practice Falun Gong in a park. He testified, however, that he stopped practicing Falun Gong in August 2001. Although Lin explained these inconsistencies by asserting that the spinal cord injury caused sleeplessness and there was a translation problem with his application, we cannot say that a reasonable fact-finder would have been compelled to accept those explanations. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, as the IJ observed, Lin provided no medical evidence of his claimed injury that would aid him in overcoming the inference drawn from his inconsistent testimony. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006). Because these discrepancies involved the crux of Lin's claim that he practiced Falun Gong in China, they substantiated the agency's adverse credibility finding. *Cf. Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Similarly, in finding Lin not credible, the IJ properly relied on inconsistencies between his testimony and that of his aunt. Lin testified that he practiced Falun Gong in the United States "alone" and that his aunt had seen him practicing when he brought her to the attorney's office earlier that morning and he did an exercise in the office. In contrast, Lin's aunt testified that Lin practiced Falun Gong "with other people," and that she had observed him practicing it for five hours that morning before coming directly to court. The IJ reasonably found that these material inconsistencies supported her adverse credibility determination.

In addition, the record supports the IJ's finding that some of Lin's testimony was implausible. Although Lin testified that he received threats from both his former employer and village officials that he would be reported to the public security bureau, he claimed to have resumed practicing in a public park when a friend told him that it was "fine" to do so. It was not error for the IJ to find that such claim was implausible. *See Siewe v. Gonzales,* 480 F.3d 160, 169 (2d Cir.2007). As such, substantial evidence supports the agency's denial of Lin's asylum claim and we need not reach the IJ's additional findings.

Because the only evidence of a threat to Lin's life or freedom or a likelihood of torture based on his practice of Falun Gong depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.